TRELEVEN, Appellant, vs. NORTHERN PACIFIC RAILROAD COMPANY, Respondent.

*February 7 — March 5, 1895.*

(1) *Carriers: Mistake by shipper in address; Gratuitous agency to procure reshipment: Loss by fire: Liability.* (2) *Production of papers: Secondary evidence.*

1. Goods received by defendant to be transported beyond its line having duly arrived at the place to which the shipper had by mistake addressed them, and there remained uncalled for, the liability of

Treleven vs. Northern Pacific R. Co.

defendant as a common carrier had terminated; and a subsequent undertaking by its agent to have them forwarded to their proper destination, amounting at most to a gratuitous agency on its part, would not render defendant liable for loss of the goods not caused by its negligence,— as where they were destroyed by the burning of the warehouse in which they were stored.

2. Plaintiff not having taken proper steps either under the statute or the rules of court to compel the production of certain papers by defendant, and not having given proper notice to produce them, secondary evidence of their contents was properly excluded.

APPEAL from a judgment of the county court of Fond du Lac county: A. E. RICHTER, Judge. *Affirmed.*

This action was brought to charge the defendant, as a common carrier, for the loss of certain goods, of the value of about $140, delivered to it at Fond du Lac, Wis., and consigned to A. Kirchbaum & Co., at Philadelphia, N. Y.; and it was alleged that the goods were carried by the defendant and their connecting lines to the station at Philadelphia, N. Y., and, not being called for, the plaintiff was notified by the defendant's agent of the fact, and he directed the goods reshipped from Philadelphia, N. Y., to Philadelphia, Pa.; and it was claimed that the defendant company agreed to deliver said goods properly and in good condition, but, notwithstanding their said contract, they were never shipped to the last-named point of destination or returned to the plaintiff, but were destroyed by fire at the station at Philadelphia, N. Y. The answer was a general denial.

It appeared upon the trial that the goods were in two boxes, marked to the consignee at New York, and that the defendant company carried them over its line and delivered them in due season to a connecting carrier, the New York, Chicago & St. Louis Railroad Company, running from Chicago to Buffalo; that they reached their place of destination, at Philadelphia, N. Y., and were there some two months or more without any one calling for them, in consequence of

the fact that, by the mistake of the plaintiff, they were addressed to Philadelphia, N. Y., when they should have been addressed to Philadelphia, Pa. Upon ascertaining these facts the plaintiff testified that Hamilton, the agent of the defendant at Fond du Lac, agreed to reship the goods to Philadelphia, Pa., and soon thereafter he ascertained that the freight house at Philadelphia, N. Y., had burned, and the goods were destroyed. Hamilton, the agent of the company at Fond du Lac, testified that when he notified the plaintiff that the goods were unclaimed at Philadelphia, N. Y., he gave instructions to have them reshipped to Philadelphia, Pa., and he communicated that request to his superiors, and that it received attention. The end of the defendant's road southerly was Chicago.

During the trial it appeared from the plaintiff's testimony that Mr. Hamilton, the defendant's agent, exhibited to him a roll of papers in regard to this claim, showing the correspondence and why they refused to pay for the goods. They thereupon demanded of the defendant's attorneys the production of the record of this claim, which was refused, and asked the court to order its production. The court declined to make such order, and the plaintiff's counsel asked to prove the record of the claim by copies, and stated that they proposed to show, by the copies, admissions of the defendant, by its agents, against its interest and relative to the case at issue; that they showed the record of the claim, and contained papers, accounts, affidavits, etc., belonging to the plaintiff in the case, and contained admissions as to the time of the fire that destroyed the buildings, and that the agent of the defendant company at Philadelphia, N. Y., was corresponding with the Chicago & Northwestern Railway Company; and that during the time lost by that correspondence the goods were destroyed. The court refused the offer.

At the close of the testimony, on motion of the defendant,

the court directed a verdict in its favor on the ground that, as in this case there was no express contract proven, the defendant, as common carrier, having received goods marked for delivery beyond the end of its line, in the absence of special agreement was only responsible for safe carriage over its line and safe delivery to the next carrier. From a judgment entered upon this verdict the plaintiff appealed.

For the appellant there was a brief by *Phelps & Watson*, and oral argument by *E. W. Phelps*.

For the respondent there was a brief by *Thos. H. Gill*, and oral argument by *Philip S. Abbot* and *Mr. Gill*.

PINNEY, J.   1. It appears, beyond dispute, that the plaintiff's goods were transported over the defendant's line and delivered to the next carrier in the line of their transit, and that in due season they reached their destination at the point to which they had been directed by the plaintiff's mistake. The liability of the defendant for their safety, as a common carrier, in any possible view of the law, had terminated. They were thereafter held at Philadelphia, N. Y., by the company having custody of them, as warehousemen; and it would not be liable for their loss or destruction, unless caused by a want of ordinary care for their safety. When the plaintiff's mistake in directing the goods, and that they were held uncalled for at Philadelphia, N. Y., was made known to the plaintiff and the defendant's agent at Fond du Lac, the latter, at the instance of the plaintiff, caused proper direction to be given to forward the goods to Philadelphia, Pa.; but before it was carried into effect they were destroyed by the burning of the warehouse in which they were stored. The assumption of this agency by the agent of the defendant could not render it liable as a common carrier. There was no consideration for the undertaking relied on. It was purely voluntary, and at most would amount to a gratuitous agency on its part, and the defendant would be

liable only in case of loss or injury to the goods caused by its negligence. Of this there is neither allegation nor proof. The evidence wholly fails to show any ground of liability on the part of the defendant.

2. The plaintiff did not take proper steps to compel the production of the papers called for, either under the statute (R. S. sec. 4183; *Phelps v. A. & P. Tel. Co.* 46 Wis. 266) or the rules of the circuit court (Rule XIX; *Kraus v. Sentinel Co.* 62 Wis. 663). Nor does it appear that proper notice was given to produce them, so as to admit secondary evidence of their contents. Besides, it is evident that the facts offered to be proved, for want of proper allegations of negligence and in the light of undisputed facts, could have been of no avail to the plaintiff. Judgment was rightly given for the defendant.

*By the Court.*— The judgment of the county court is affirmed.