a relation existed are therefore inapplicable.   There is no allegation, nor was there any proof, that Martin is insolvent.  He may, for anything that appears to the contrary, be abundantly able to pay the claim without resorting to the guaranty.  Mere failure to pay does not prove inability.  If the plaintiffs had sued Martin for deceit, and charged him with passing a false or worthless token of guaranty upon them, some of the cases cited by the plaintiffs might be applicable.

On the proofs, there is no solid legal ground upon which the action for deceit can be sustained.  The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.

(21 Misc. Rep. 60.)

### FELDSTEIN v. OLD DOMINION S. S. CO.

#### (Supreme Court, Appellate Term.  July 29, 1897.)

CARRIERS—MISDELIVERY OF FREIGHT.

> Plaintiff delivered to defendant, a carrier, three boxes, of different sizes. each marked "T. C.," and asked for two bills of lading, for one and two boxes, respectively.  It was his intention to have the largest and most valuable box covered by a separate bill, but he gave no such instruction, and the defendant gave bills of lading for the boxes as marked, without further distinguishing them.  *Held*, that a delivery by the defendant, upon the bill of lading calling for two boxes, of the largest and most valuable box, together with one of the others, constituted no misdelivery, and gave plaintiff no right of action.

Appeal from Fourth district court.

Action by Solomon Feldstein against the Old Dominion Steamship Company.  From a judgment in favor of defendant, plaintiff appeals.  Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Abraham H. Sarasohn, for appellant.

Frank D. Sturgis, for respondent.

BISCHOFF, J.   The trial of this cause was commenced before a jury, but the issues were finally submitted to the justice, and the jury was discharged by consent of the parties, it being agreed that the evidence adduced for the plaintiff be accepted as true, and that the matter be determined as one of law.  The action was for the defendant's failure to deliver one case of shoes shipped by the plaintiff's assignor to Portsmouth, Va., under a contract, expressed by a bill of lading, which provided that the goods should be delivered only upon the surrender of the bill of lading by the consignee. it being claimed that this case of shoes had been delivered without the defendant's calling for such surrender, and so became lost to the plaintiff.  It appeared from the evidence that the plaintiff's assignor, Kapinsky, had presented the box in suit, together with two other boxes, to the defendant for shipment to the same consignee, all at the same time, each box being marked with the letters "T. C.," placed within a diamond, and no one being distin-

guished from the others except by a difference in size. He delivered a form of memorandum to the defendant which called for one bill of lading for one box, and one bill for two boxes, for delivery upon surrender of the bills. His intention was that the larger box was to be covered by the individual bill of lading, but, while fully examined upon the point at the trial, he was apparently unable to say that he had ever given instructions to the defendant's agents as to which one of the three boxes was thus to be shipped, and, as noted, they were not distinguished by any mark. The bill of lading given him by defendant for the one box described it as marked "T. C." (the letters within a diamond device), while the bill given for the two boxes described them in precisely the same way; and these papers he accepted as expressing the contract, without attempting to identify the parcels thus to be shipped under different terms of shipment. At Portsmouth the consignee called for two cases which had been shipped on one bill, producing and surrendering the latter, and the defendant accordingly delivered two cases; but it appears that one of these was the more valuable case, which Kapinsky had intended should be held until the consignee had obtained the bill of lading for one case from him, after making payment for the goods, and, because of the loss thus arising, the claim in suit was made.

We think that the justice's determination in favor of the defendant was clearly sound, since no misdelivery or breach of its agreement with Kapinsky was shown. Whatever contract was made was literally carried out, and whatever mistake occurred was not attributable to the defendant. It was for the shipper to properly identify the subject of this particular shipment with the contract which the carrier is here claimed to have broken; but of this, the evidence shows, he failed, and the loss, it must be said, arose only from the shipper's neglect to sufficiently mark his goods, for the results of which he, and not the carrier, is responsible. Ang. Carr. § 136; Fland. Shipp. § 197.

Judgment affirmed, with costs. All concur.