WEAVER et al., Respondents, v. SOUTHERN RAIL- WAY COMPANY, Appellant.

St. Louis Court of Appeals, January 12, 1909.

1. COMMON CARRIERS: Misdirection of Goods: Negligence of Shipper. Where a shipper gives erroneous directions regarding the shipment of goods delivered to a carrier and the goods are lost solely from such misdirection, the loss falls upon the shipper.

2. ———: ———: ———: Duty of Carrier. Where a shipper misdirects goods consigned to a carrier and it becomes obvious to the carrier that an error has been made in directing the goods, it is the duty of the carrier to hold the goods and consult the consignor for instructions. And if the agents of the carrier in such case fail of such duty and the goods are lost through the combined carelessness of the carrier and shipper, the loss falls upon the carrier. The carrier is relieved of its obligation as insurer in such case only where it appears the loss must have occurred notwithstanding its breach of duty.

3. ———: ———: ———: Agency. Where a shipper delivered certain goods to a railroad company with shipping directions to forward the same over the line of a certain connecting carrier, but made a mistake in the destination, and the railroad com- pany delivered the goods to a connecting carrier other than the one designated in the shipping instructions, the railroad com- pany was liable to the shipper for the loss of the goods which followed; as agent for the shipper, it was bound to follow the instructions in the routing of the shipment in the absence of any showing that the deviation from the route directed did not con- tribute to the loss.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald*, Judge.

AFFIRMED.

*McPheeters & Harris* for appellant.

(1) The carrier cannot be held responsible for losses resulting from the shipper's negligence and mistake in indicating the intended destination of his shipment. Express Co. v. Kaufman, 12 Tenn. 161; Congar v. Railroad, 24 Wis. 157; Erie v. Wilcox, 84 Ill. 239; Railroad v. Weisman, 2 Tex. Civ. App. 86; McGowan v. Wilmington, 95 N. C. 417; Finn v. Western, 102 Mass. 283; Stimson v. Jackson, 58 N. H. 138; Bush v. St. Louis, 3 Mo. App. 62. (2) The fact that the marking or direction of the goods is so defective as to cause them to be sent to the wrong destination is a complete defense to an action to charge the carrier with the loss. 5 Am. & Eng. Ency. of Law, 370; Bradley v. Dunipace, 1 H. & C. 521; The Huntress, Davies (U. S.) 82; Railroad v. Hodapp, 83 Pa. St. 22; Express Co. v. Kaufman, 12 Tenn. 161. (3) The carrier is not required to give notice of non-delivery to the consignor. Kremer v. Express Co., 6 Cold. (Tenn.) 356; Williams v. Holland, 22 How. Pr. (N. Y.) 137.

*F. M. Curlee* for respondents.

(1) The carrier is bound to obey exactly the instructions of the shipper, and disregards them at its peril. Goodrich v. Thompson, 44 N. Y. 324; Railroad v. Odill, 96 Tenn. 61; Merrick v. Webster, 3 Mich. 268; Forsythe v. Walker, 9 Pa. St. 148; Johnson v. Railroad, 33 N. Y. 610; Hutchinson on Carriers (3 ed.), secs. 130, 617; Moore on Carriers, p. 470, sec. 12; Elliott on Railroads, sec. 1440; Congar v. Railroad, 17 Wis. 477; Ferry Co. v. Railroad, 128 Mo. 248; Commission Co. v. Railroad, 64 Mo. App. 144; Goddard v. Mallory, 52 Barb. 87. (2) The same rule applies to all other relations of principal and agent. If the agent's instructions are explicit, he may not exercise his discre-

tion, where exact performance is possible. Butts v. Phelps, 79 Mo. 302; Rechtscherd v. Bank, 47 Mo. 181; Switzer v. Connett, 11 Mo. 88; Clark & Skyles on Agency, secs. 384, 389; Wilson v. Wilson, 26 Pa. St. 393; Adams v. Robinson, 65 Ala. 586. (3) Where a carrier is guilty of a breach of contract followed by damage, it is liable, unless it can show absolutely that the loss must have happened, even though there had been no breach. Collier v. Valentine, 11 Mo. 299; Colfax, etc., Co. v. Railway (Calif.), 46 Pac. 668; Hastings v. Pepper, 11 Pick. 41; Maghee v. Railroad, 45 N. Y. 523.

NORTONI, J.—This is an action in the nature of trover as for conversion of plaintiffs' goods. A jury was waived and the cause submitted to the circuit court on an agreed statement of facts. Plaintiffs prevailed and the defendant prosecutes the appeal.

The action predicates upon the defendant's breach of duty in respect of its obligation as common carrier and forwarding agent. Instead of attentively following plaintiffs' instructions as to the forwarding of its goods, the defendant neglected its duty in that behalf and exercised dominion over the goods by substituting other shipping directions for those contained in the bill of lading, in consequence of which the goods were lost. Plaintiffs are merchants located at Corinth, Mississippi, and the defendant railroad company is a common carrier, operating between that point and Memphis, Tennessee. Plaintiffs desiring to ship certain goods to F. Heitkamp, Davenport Station, known as Bracken post-office, in the State of Texas, delivered the same to the defendant at Corinth, Mississippi, to be transported to the city of Memphis, Tennessee, and there, together with shipping instructions concerning the same, delivered by it to the St. Louis, Iron Mountain & Southern Railway Company for transportation over its line. The goods were marked and consigned in the bill of lading

to "F. Heitkamp, Red River County, Davenport, Texas, via Bracken, I. M. (St. L. Iron Mountain & Southern Railway Company) I. & G. N. (International & Great Northern Railway Company.) Defendant accepted the shipment and for a sufficient consideration, contracted to transport the same in accordance with the instructions embodied in the bill of lading to Memphis, Tennessee, and there deliver the same to the St. Louis, Iron Mountain & Southern Railway Company. It appears there are two towns in the State of Texas bearing the name of Davenport, one of which is a station on the line of the International & Great Northern Railway Company. This town of Davenport is in Comal county, and it is known as well by its postoffice, as Bracken. The other place bearing the name of Davenport is an inland town situated in Red River county, several miles from any railroad. Goods intended for the last named place are carried to Paris, Texas, a town on the Texas & Pacific Railway and there delivered to the consignees, who haul the same in private conveyances to the inland town. When freight consigned to either Davenport or Bracken or both, is delivered to the International & Great Northern Railway Company, it is uniformly carried to the town of Davenport, or Bracken, in Comal county. It will be noted that although the goods were consigned to "F. Heitkamp, Red River county, Davenport, Texas, the shipment was in fact intended for F. Heitkamp, Davenport, Bracken postoffice, Texas, situate in Comal county. Therefore the direction contained in the bill concerning Red River County was error. However this may be, it appears from the agreed statement that had the goods been eventually delivered to the International & Great Northern Railway Company, they would no doubt have reached their proper destination, as the town of Davenport, Bracken Postoffice, is situate on that line, and goods shipped over that road to either Davenport or Bracken usually reach their proper destination. Instead of delivering

the goods at Memphis to the St. Louis, Iron Mountain & Southern Railway Company, with shipping instructions as received by it, the defendant's agent indorsed thereon, "destination R. R. Paris." As changed, the bill read: "F. Heitkamp, Davenport, Red River county, Texas, destination, R. R. Paris." In accordance with the changed direction, the St. Louis, Iron Mountain & Southern Railroad Company transported the goods to Texarkana, and there delivered the same to the Texas & Pacific Railway Company instead of the International & Great Northern Railway Company; and the Texas & Pacific Railway Company transported the same to Paris, Texas. No trace of them was found thereafter. At any rate, they were never delivered to the consignee. It is stipulated that the plaintiffs have never received payment for the goods and a right of action for the default of the carriers, if any, resides in the plaintiffs.

It is argued on the part of defendant that the plaintiffs misdirected the goods and therefore it is not responsible for the loss. It is said the loss accrued as a result of the carelessness of the plaintiffs in directing the consignment to Davenport, Red River county, Texas. There can be no doubt of the rule which obtains in proper cases to the effect that where a consignor misdirects the goods and a loss results solely from such misdirection, it falls upon the shipper whose careless conduct induced it. This rule is just indeed, and it comports with the ends of precise justice where the facts invoked its application. [Congar. v. Railway, 24 Wis. 157; Railway v. Hodapp, 83 Pa. St. 22; Treleven v. Railway, 89 Wis. 598, 62 N. W. 536; Feldstein v. Steamboat Co., 46 N. Y. Supp. 897, 21 Misc. 60; The Huntress, 2 Ware (U. S.) 82; 6 Cyc. 380; 5 Amer. and Eng. Ency. Law (2 Ed.), 370; 1 Hutchinson on Carriers, sec. 333; 2 Hutchinson on Carriers, sec. 677; 5 Amer. and Eng. Ency. Law (2 Ed.), 370; 6 Cyc. 380.] However, in such cases it becomes the duty of the carrier

to exercise care to discover the true destination of the goods, and it is not for him to assume, without consulting the consignor, to change the directions. When it becomes obvious to the carrier that an error has been made in directing the goods, or in the bill of lading, both good faith and reasonable prudence dictate that the carrier should hold the goods and consult the consignor as to more complete and definite instructions. In such cases, it is not for the carrier to venture a guess as to what destination the shipper intended, and proceed to forward the consignment to a place he presumes to be the right one. [Congar v. Railway, 17 Wis. 477; Guillame v. Transportation Co., 100 N. Y. 491; 2 Hutchinson on Carriers (3 Ed.), sec. 677.] And then, too, in order to affix the loss upon the consignor, it must have resulted from his negligent misdirection alone, unaided by a careless breach of duty on the part of the carrier or its agent. In those cases where the rule properly obtains, the usual obligation of insurer incident to the relation of common carrier inheres and the carrier is acquitted of this extraordinary responsibility only on the theory that it would be highly unjust to hold it to respond when the loss was entirely superinduced by the carelessness and inattention of the shipper in misdirecting the goods. Therefore, if the carrier or its agents interpose a careless or inattentive act which contributes to or commingles with the carelessness of the shipper, so that it may be truthfully said it was partly, at least, its fault in entailing the loss, the carrier will be required to respond on its original obligation of insurer. In other words, if the carrier himself has been guilty of some negligent act or omission without which, notwithstanding the fault of the owner, the loss would not have occurred, he will be liable. [McCarthy v. Railway, 102 Ala. 193, 14 So. 370; 48 Amer. St. Rep. 29; Fort v. Railway, 8 Jones L. (N. C.) 235; 78 Amer. Dec. 277; Wright v. Railway, 8 Phila. (Pa.) 19; The Huntress, 2 Ware (U. S.) 82; 1 Hutchin-

son on Carriers (3 Ed.), sec. 333; 5 Amer. and Eng. Ency. Law (2 Ed.), 370.] The defendant should not be permitted to escape responsibility on the theory that plaintiffs were negligent in directing the goods to Davenport, Red River county, when it appears, as it does, that the loss would not have occurred except for the breach of duty on the part of defendant's agent at Memphis by interposing a change in the billing to the effect that the railroad destination was Paris, Texas. It must be remembered that although the goods were misdirected in respect of the county mentioned, that this was incidental only to the principal point of destination, which was Davenport, by way of Bracken, over the St. Louis, Iron Mountain & Southern Railway Company and the International & Great Northern Railway Company. It must be remembered also that it appears from the agreed statement of facts goods addressed to Davenport and Bracken, or either, and delivered to the International & Great Northern Railway, were usually carried to the point intended in this consignment. Nothing whatever appears in the case tending to prove the loss would have followed, notwithstanding the act of defendant's agent at Memphis in changing the railroad destination point to Paris, Texas. A carrier is acquitted of its obligation of insurer arising from the contract of affreightment in such circumstances only when it is made to appear that the loss must have occurred notwithstanding its breach of duty. [Collier v. Valentine, 11 Mo. 299; Hastings v. Pepper, 11 Pick. 41; Railway v. Railway Co. (Cal.), 46 Pac. 668; Maghee v. Railway, 45 N. Y. 523.]

From what appears, it is a legitimate inference that had the goods proceeded over the St. Louis, Iron Mountain & Southern road and into the possession of the International & Great Northern, as directed in the bill of lading, they would have arrived safely at the town of Davenport intended. In the absence of a showing to the contrary, this of course excludes the idea that the

loss would have occurred notwithstanding the act of defendant's agent at Memphis, by which the bill was changed to read, "railroad destination, Paris." The judgment should therefore be affirmed even on the theory on which the case is presented by defendant's counsel. However, we believe a more accurate theory for a proper solution of the question presented arises on the familiar principles of agency.

It is true the obligation of the forwarding agent as to the safety of the goods, is usually that of ordinary care only. [Holtzclaw v. Duff, 27 Mo. 392.] However, a carrier undertaking to transport goods over its line and then forward them over another is always required to respond in accord with the more onerous obligation of insurer for loss or damage accrued as a result of any unnecessary breach of duty of deviation from instructions in respect of the act of forwarding. [Wilcox v. Parmalee, 3 Sanf. (N. Y.) 610; Johnson v. Railway Co., 33 N. Y. 610; Merrick v. Webster, 3 Mich. 268; Goddard v. Mallory, 52 Barb. (N. Y.) 87; Goodrich v. Thompson, 44 N. Y. 324; Wiggins Ferry Co. v. Railway, 128 Mo. 224, 248; Chandler Com. Co. v. Railway, 64 Mo. App. 144; 4 Elliott on Railroads, sec. 1440; Moore on Carriers, 470; 2 Hutchinson on Carriers (3 Ed.), sec. 611; 5 Amer. and Eng. Ency. Law (2 Ed.), 422, 423.] This doctrine rests upon principles which obtain with respect to the relation of principal and agent. In the present case the contract of carriage between the plaintiffs and defendant required the defendant to safely transmit the goods to Memphis and then forward the same, with shipping instructions annexed, over the St. Louis, Iron Mountain & Southern Railway. Although it had completed transportation over its own line with safety, in order to discharge its full obligation in that behalf it remained for the defendant, as an agent, to faithfully comply with the instructions of the plaintiffs, its principal, with respect to forwarding the goods, and shipping instructions annexed thereto. Plaintiffs hav-

ing selected the defendant carrier and the defendant having accepted the goods for carriage to the terminus of its line, with full directions to forward the same over the St. Louis, Iron Mountain & Southern Railway and the International & Great Northern Railway, to Davenport, via Bracken, Texas, the defendant thereupon became the agent of the plaintiffs for the purpose mentioned. [Rawson v. Holland, 59 N. Y. 611; Patterson v. Clyde, 67 Pa. St. 500; 6 Amer. and Eng. Ency. Law (2 Ed.), 605; 1 Hutchinson on Carriers (3 Ed.), sec. 458.] The law is universal to the effect that the primary duty of an agent is obedience to the instructions of his principal. The agent should carry out the will of his principal and not substitute his own instead. That the agent will do this is an implied term of the contract of agency, and his failure to do so, unless excused, is a breach of the contract. From this it follows that if the agent deviates from the instructions of his principal, he will be liable to the principal for any loss which may ensue, even though the agent may act in good faith and for what he supposes to be the best interests of his principal. And the presumption is always against the agent when there appears a violation of the principal's instructions. In such cases, if loss ensues, the burden is upon the agent to show that the violation of instructions resulted in no substantial injury to the principal. [1 Clark & Skyles on Agency, sec. 384; Forsythe v. Walker, 9 Pa. St. 148; Butts v. Phelps, 79 Mo. 302; Adams v. Robinson, 65 Ala. 586; Wilson v. Wilson, 26 Pa. St. 393.] The doctrine obtained as well where the agent is a common carrier and proceeds to forward the goods, except in cases of emergency, otherwise than as directed by the shipper, and they are subsequently lost or destroyed in transit. In such cases the carrier is held, on the application of these principles, to the obligation of insurer as for conversion of the goods. [Johnson v. Railway, 33 N. Y. 610; Forsythe v. Walker, 9 Pa. St. 148; Goodrich v. Thompson, 44

N. Y. 324; Goddard v. Mallory, 52 Barb. (N. Y.) 87; Merrick v. Webster, 3 Mich. 268; Moore on Common Carriers, 470; 4 Elliott on Railroads, sec. 1440; 6 Amer. and Eng. Ency. Law (2 Ed.), 626; 2 Hutchinson on Carriers (3 Ed.), sec. 611.] It is only in the event of an unforeseen exigency from which arises an emergency calling for prompt conduct otherwise, that the carrier agent may be excused from deviating from instructions touching the route of shipment. Such an emergency, we apprehend, would arise in event of a washout on a connecting road and the goods were perishable, thus calling for prompt action on the part of the carrier to transport them to their destination by another convenient route. [Johnson v. Railway Co., 33 N. Y. 610; Goodrich v. Thompson, 44 N. Y. 324.] If the directions are not clear, it is the duty of the carrier, unless an emergency arises, to hold the goods and inquire of the shipper for further instructions. [Goodrich v. Thompson, 44 N. Y. 324; 2 Hutchinson on Carriers (3 Ed.), sec. 612; 5 Amer. and Eng. Ency. Law (2 Ed.), 424, 425.] Nothing appears in the case tending to show that any emergency whatever arose, inviting a deviation from the instructions contained in the bill of lading. Had the defendant's agent at Memphis forwarded the goods over the St. Louis, Iron Mountain & Southern Railway, together with the original billing, directing carriage over the International & Great Northern Railway, no doubt the goods would have reached the consignee at the town of Davenport intended. At any rate, even though defendant's Memphis agent acted with the utmost good faith in changing the routing to read, "railroad destination, Paris," the presumption is this act entailed the loss. Having deviated from the instructions contained in the bill of lading, it devolved upon defendant to show that such deviation did not induce or contribute to the loss. And nothing appears to that effect. [Adams v. Robinson,

65 Ala. 586; Wilson v. Wilson, 26 Pa. St. 393; 1 Clark. & Skyles on Agency, sec. 384.]

The judgment should be affirmed.   It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.