RANDOLPH H. BOYNTON *vs.* AMERICAN EXPRESS COMPANY.

Hampden.   March 2, 1915. — May 21, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & ·CARROLL, JJ.

*Carrier*, Of goods: limitation of damage.   *Express Company.*

Where a driver of an express company calls at a house for a trunk and receives the trunk from a person with whom its owner has left it to deliver to the expressman when he calls for it, and that person takes from the driver a receipt containing a clause limiting the damage to be recovered in case of loss to $50

unless the value is declared at the time of shipment, and, upon the driver asking for the value of the trunk and its contents, the person delivering the trunk to him requests him to obtain the information from the owner at his office, whereupon the driver takes away the trunk without making further inquiry, if the express company fails to deliver the trunk at its destination, and the owner brings an action against the express company for such failure to deliver the trunk, in which it appears that neither the owner of the trunk nor his servant who delivered it to the driver read the receipt or knew of the limitation of damage until after the trunk was lost, this failure to read the limitation in the absence of fraud or concealment renders the contract of shipment none the less binding on the owner, and the express company is entitled to rely on the limitation of damage.

In the action above described it does not help the plaintiff that the driver's failure to call at the owner's office may have prevented a declaration of value, because the driver was under no obligation to do this and did not agree to do it, and, if he had so agreed, had no authority to waive any portion of the contract.

CONTRACT for a failure to deliver a trunk and its contents entrusted to the defendant as a common carrier on September 18, 1912, at Portland in the State of Maine for transportation to West Springfield in this Commonwealth, the alleged value of the trunk and its contents being $298.73. Writ dated March 3, 1913.

The second count, referred to in the opinion, was upon an alleged promise of the defendant to pay to the plaintiff the value of the trunk if it was not found at the expiration of a reasonable time, in consideration of the plaintiff's forbearance for a reasonable time from bringing his action while the defendant was searching for the trunk.

The defendant in its answer relied upon a provision, in the receipt containing the contract of carriage, limiting its liability as follows: "nor in any event shall this Company be held liable or responsible, nor shall any demand be made upon it beyond the sum of Fifty Dollars upon any shipment of 100 lbs. or less, and for not exceeding 50 cents per pound upon any shipment weighing more than 100 lbs., and the liability of the Express Company is limited to the value above stated unless the just and true value is declared at time of shipment, and the declared value in excess of the value above specified is paid for, or agreed to be paid for, under this Company's schedule of charges for excess value." The answer further alleged that the defendant on January 30, 1913, before the plaintiff sued out his writ, tendered to the plaintiff the sum of $53 and that it now brought that sum of money into court for the plaintiff.

In the Superior Court the trial of the case was begun before *Irwin,* J. The plaintiff was allowed to discontinue as to the second count of his declaration. The parties then filed an agreed statement of facts, upon which the judge ordered a verdict for the plaintiff in the sum of $245.73, and at the request of the parties reported the case for determination by this court. If the ordering of the verdict was wrong, judgment was to be entered for the defendant; otherwise, judgment was to be entered upon the verdict with interest from the date of the writ. The essential facts are stated in the opinion. The agreed statement of facts contained the statement, "Neither the plaintiff nor Annie Olson read the receipt nor did either of them know that it contained a limitation of liability or agreed valuation until after the trunk was lost."

The case was submitted on briefs.

*C. H. Beckwith,* for the defendant.

*R. A. Bidwell,* for the plaintiff.

BRALEY, J. The agreed statement of facts on which the presiding judge directed a verdict for the plaintiff is not within the St. of 1913, c. 716, § 5, permitting inferences of fact by this court, and the question presented by the report is, whether as matter of law on the evidence submitted the verdict should stand or judgment should be ordered for the defendant. *Norton* v. *Brookline,* 181 Mass. 360. *Bullock* v. *Haverhill & Boston Dispatch Co.* 187 Mass. 91.

The defendant is engaged in an interstate express business, and received the plaintiff's trunk at Portland, Maine, for transportation to West Springfield in this Commonwealth. The trunk and its contents having been lost in transit, no delivery has been made, and the plaintiff, having discontinued as to the second count of the declaration, relies upon the first count, which alleges that the defendant as a common carrier is liable in damages for breach of the contract. We assume, in the absence of any argument to the contrary, that the common law of the place of contract is the same as the law of the forum, and the measure of recovery, therefore, rests upon the terms of the contract of shipment. *Callender, McAuslan & Troup Co.* v. *Flint,* 187 Mass. 104. *Hooker* v. *Boston & Maine Railroad,* 209 Mass. 598. *Boston & Maine Railroad* v. *Hooker,* 233 U. S. 97.

It is agreed that the plaintiff instructed one Annie Olson, in

whose possession and control the trunk had been left, "to deliver the trunk to the expressman when he called for it." The defendant's driver called, but at whose request does not affirmatively appear, when the trunk was delivered without the charges being prepaid, and the receipt described in the record was given and accepted. It contained a clause limiting the company's liability to a fixed sum for non-delivery, if the true value was not declared at the date of shipment, and, no declaration appearing, the defendant upon the face of the contract is not responsible in excess of this amount. *Bernard* v. *Adams Express Co.* 205 Mass. 254, 258. *Peirce* v. *American Express Co.* 210 Mass. 383. *Johnson* v. *New York, New Haven, & Hartford Railroad,* 217 Mass. 203.

The plaintiff however maintains that he is not bound by the limitation, because the driver when he took the trunk and gave the receipt, having asked for the value and being requested to make inquiry of the plaintiff at his office, should have complied, and his failure to inquire having prevented a declaration of value, the defendant received the trunk "as an insurer for full value."

But the driver had no authority to waive any portion of the contract, nor did he, in fact, assent to the request or direction of the plaintiff's representative, or become her messenger. It is unnecessary under the circumstances to decide whether the plaintiff could recover, if the receipt is entirely displaced or ignored. If the plaintiff was ignorant of its terms until after the trunk had been lost, he did know of them when the action was brought. While no express reference thereto is found in the declaration, the only contract declared on is unmistakably shown by the agreed facts to be the contract within the four corners of the receipt. The parties plainly did not deal upon the assumption and understanding that the contract was to be partly oral and partly in writing, as in *Davis* v. *Cress,* 214 Mass. 379, 382. And the delivery of the trunk and receipt were concurrent. The failure to read it, where no fraud or concealment by the defendant appears, does not estop the company from reliance on all of its terms. *Graves* v. *Adams Express Co.* 176 Mass. 280, 282. It follows that the plaintiff is bound by the contract made in his behalf by his servant or agent. *Edgar* v. *Joseph Breck & Sons Corp.* 172 Mass. 581. *Partridge* v. *White,* 59 Maine, 564. And having accepted the receipt, which contained no valuation, he cannot

avail himself of the benefit of the contract and ignore the limitation inserted for the defendant's protection.

A tender of the amount due having been made before suit, and the money paid into court, judgment is to be entered for the defendant. R. L. c. 174, § 12.

*So ordered.*