ESTHER A. PORTER *vs.* OCEAN STEAMSHIP COMPANY OF SAVANNAH.

Suffolk.   January 10, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Bill of Lading. Carrier,* Of goods. *Contract,* What constitutes, In writing.

Where a straight bill of lading under St. 1910, c. 214, §§ 4, 10, for the transportation of a box of clothing to a consignee in another State was accepted from the carrier by a local expressman whom the shipper had employed to deliver the box to the carrier, and the shipper thereafter kept the bill of lading for three months without making any objection to it, in an action by him against the carrier for an alleged misdelivery of the box causing the loss of its contents, the shipper cannot be allowed to show that there was a mistake in the address of the consignee as written in the bill of lading and that the box, although delivered at the address named in the bill of lading, was not delivered at the true address of the consignee which was marked plainly on the box; and, the carrier having performed the contract in writing by which the plaintiff is bound, the plaintiff cannot recover.

CONTRACT for the defendant's alleged failure to deliver a box of clothing valued at $34.50, which was entrusted to the defendant at Boston for transportation and delivery to one Mary Williams of Munnerlyn in the State of Georgia.   Writ in the Municipal Court of the City of Boston dated January 25, 1912.

On appeal to the Superior Court the case was tried before *Hitchcock,* J.   At the close of the evidence, which is described in the opinion, the defendant asked the judge to make the following rulings:

"1.  Upon the pleadings and all the evidence in the case, the plaintiff is not entitled to recover, and the verdict must be for the defendant.

"2.  Upon all the evidence in the case, the duty of the defendant

was to deliver the goods in question to Mary Williams of Waynesboro, Georgia, and if the jury believe that the defendant did deliver or cause to be delivered the property entrusted to it by the plaintiff to Mary Williams of Waynesboro, Georgia, the defendant had performed its full duty in the premises, and the verdict must be for the defendant.

"3. The defendant performed its contract with the plaintiff by delivering the goods to Mary Williams of Waynesboro, Georgia. Whether the plaintiff in the case at bar meant Mary Williams of Waynesboro, Georgia, or Mary Williams of Munnerlyn, Georgia, is not material. The rights of the parties depend upon what is communicated to the carrier.

"4. There is no evidence in the case that the consignor, the plaintiff in this action, ever communicated to the defendant that she desired the box of clothing entrusted to the defendant to be delivered to any other person than Mary Williams of Waynesboro, Georgia, and, if the jury believe upon the whole evidence that the box was delivered to Mary Williams of Waynesboro, Georgia, the verdict must be for the defendant.

"5. The defendant requests the court to instruct the jury that upon the pleadings and all the evidence in the case, the only contract between the parties is to be found in the written and printed bill of lading issued by the defendant to the plaintiff and containing the name 'Mary Williams, Waynesboro, Ga., County of Burke' as the consignee; and to further instruct the jury that the written contract is not to be varied, enlarged, or changed by oral evidence."

The judge refused to make these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $42.82. The defendant alleged exceptions.

*A. H. Russell,* for the defendant.

*J. T. Maguire,* (*J. M. Browne* with him,) for the plaintiff.

BRALEY, J. The plaintiff bases her cause of action upon a contract of shipment made in this Commonwealth, and, if the straight bill of lading issued by the defendant states the contract, the goods having been delivered in accordance with the shipping directions therein, the action cannot be maintained. *Singer* v. *Merchants Despatch Transportation Co.* 191 Mass. 449. Uniform bills of lading act, St. 1910, c. 214, §§ 4, 10.

The undisputed facts are, that when the expressman, engaged for this purpose by the plaintiff, delivered the box of clothing it was plainly and distinctly marked, "Mary Williams, Munnerlyn, Georgia, Burke County," the name and place of residence of the plaintiff's sister for whom the goods were intended. And, upon receiving the box with payment of the charges of transportation, the bill of lading issued to and accepted by the expressman gave his name as the shipper and the name of the consignee as "Mary Williams Destination, Waynesboro State of Ga. County of Burk," to whom the goods were ultimately delivered. The same day the plaintiff paid the expressman, received the bill of lading, and from her own testimony it appears that, although she knew the goods were billed for Waynesboro, she neither protested, nor endeavored to repudiate the bill of lading until some three months later, when, having been informed of what had been done, she notified the defendant, that because the directions on the box had not been followed there had been a misdelivery causing the loss of the goods, for which reimbursement was demanded.

If no bill of lading had issued and been accepted at the time of shipment, this position would be well taken, for upon acceptance of the goods and payment of the charges an oral contract of affreightment could have been found. But, neither the plaintiff nor her agent having made any objection to its terms, and no fraud appearing, nor evidence of the making of any previous agreement, the defendant had the right to rely on the bill of lading concurrently issued as expressing the entire contract, which cannot be varied by parol testimony. *Boynton* v. *American Express Co.* 221 Mass. 237, 240. 4 R. C. L. Bills of Lading, § 22.

While the plaintiff, as an undisclosed principal from whom the consideration moved, can sue in her own name to enforce the rights her agent acquired when acting in her behalf, she cannot affirm in part and disaffirm in part. *Eastern Railroad* v. *Benedict,* 5 Gray, 561, 562. *Union Freight Railroad* v. *Winkley,* 159 Mass. 133, 135. *Boynton* v. *American Express Co.* 221 Mass. 237.

The jury accordingly should have been instructed, as asked in the first request, that upon the pleadings and the evidence the plaintiff could not recover. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304. *Samuel* v. *Cheney,* 135 Mass. 278. *Singer* v.

*Merchants' Despatch Transportation Co.* 191 Mass. 449. *Merchants Despatch Transportation Co.* v. *Furthmann,* 149 Ill. 66.

*Exceptions sustained.*