* ELI SARGENT *v.* BIRCHARD & PAGE.

*Pleading.   Common Carriers.   Negligence.   Variance.*

It is not unusual to insert in a declaration averments which affect only the rule of care and negligence which should govern the case. Thus declarations alleging the defend- ants to be common carriers, and at the same time averring gross negligence on their part in the transportation of the goods, are usual and well approved. In such cases the failure to prove the allegation of negligence is no variance, and the plaintiff may recover without such proof, provided the evidence shows a case under the general rule respecting the liability of carriers. On the other hand, if the plaintiff does prove the allegation of negligence, he may recover, even though there are circumstances limiting the responsibility of the carrier below the common law rule.

* Tried February term, 1870.

Where the declaration averred that the plaintiff conveyed a strip of land to the railroad company, describing it and setting forth the conditions in the deed, one of which was that the plaintiff assumed no risk of fires happening by reason of the railroad passing through said land, and averring that the railroad company accepted the deed, and thereby assumed responsibility for fires, and built and operated the road, and by carelessly managing their engines, &c., the plaintiff's timber land was set on fire, &c., it was held sufficient on special demurrer.

ACTION on the case as per declaration, which was as follows:

That on the 8th day of May, A. D. 1850, at Brattleboro aforesaid, the said plaintiff was, and for a long time before had, and ever since has been possessed of a large and valuable tract or parcel of land, covered with a large growth of pine and other timber, containing a large quantity to wit: Two hundred acres. And whereas the Vermont Valley Railroad Company, a corporation established under and by authority of the laws of the State of Vermont, was on said 8th day of May, A. D. 1850, desirous of obtaining the right of way over the lands of the said plaintiff, for the purpose of constructing their railroad, as authorized by their charter, he, the said plaintiff, at the request of said company, and in consideration of $325 paid him by said company, did make, execute and deliver to said company a conveyance to them and their assigns, of a certain parcel of land, which is in said deed of conveyance described as being in " Brattleboro aforesaid, commencing at the south boundary of my north farm, where the line of the Vermont Valley Railroad, passing through the land of George Sargent, intersects said boundary, and running thence northerly forty chains and sixty-two links, with a width of two rods on the east and two rods on the west of the centre line of said road. Reference for said centre line to the engineer's certified survey on record in the town clerk's office. Provided said company is to make an open cross-way, with cattle guards, at such place as may be most convenient for me. Providing I assume no risk of fires happening by reason of said railroad passing through said lands. " And the plaintiff avers that the said Vermont Valley Railroad Company accepted said deed, and assumed all risk and responsibility for fires that might be communicated by their engines or otherwise by reason of their railroad passing over the lands so conveyed, to the timber and erections of the plaintiff on his lands adjacent; and afterwards, to wit, on the first day of January, 1852, the said Vermont Valley Railroad Company completed the construction of their said railroad, and began to run their engines and cars thereon, over and across the lands so conveyed to said company by the plaintiff as aforesaid, and so continued to do until afterwards, to wit, on the first day of January, A. D. 1867, the

said defendants, by some sort of contract, lease or indenture, became and were possessed of the right to use, operate, and control the railroad of the Vermont Valley Railroad Company, so passing over and upon the lands conveyed by the plaintiff as aforesaid, and from thence hitherto the said defendants have continued to use, operate and control the said railroad, and any and all engines, cars, and trains passing thereon, without let or hindrance from the said Vermont Valley Railroad Company, or any of their agents or officers, or any person under their authority.

The declaration contained the further averment that on the first day of May, 1867, and on divers days and times between that day and August 1, 1868, the defendants so negligently and carelessly managed their engines, that plaintiff's tract of timber land was set on fire, burned over and destroyed. .

The defendants filed a special demurrer assigning the following causes : For that the said plaintiff in his said declaration sets out a deed of certain lands from himself to the Vermont Valley Railroad Company, being the same lands the said defendants were running engines over, as alleged in said declaration, when the fire was communicated to plaintiff's timber and wood, and for which damages are sought to be recovered of the defendants, and setting forth that said Vermont Valley Railroad Company, by virtue of the covenant contained in said deed, assumed all risks and responsibility for fires that might be communicated by their engines or otherwise by reason of their railroad passing over the lands so conveyed to the timber and erections of the plaintiff on his lands adjacent, and alleging further that the defendants, after the execution of said deed and the building of said railroad, by virtue of said contract with the Vermont Valley Railroad Company, became possessed of the right to run said road and did run the same ; and intending to injure the plaintiff, so carelessly and negligently managed their engines that said fire occurred, &c. And it not being alleged in said declaration that defendants are liable in said action by reason of the covenants in said deed relating to fires, and being in no wise a legitimate issuable fact, as alleged, or even which in law can affect the liability of the defendants in this action, all that is alleged relating thereto renders said declaration informal and defective ; and also for that the said declaration is in other respects uncertain, insufficient and informal.

The county court, at the April term, 1869, BARRETT, J., presiding, having sustained the demurrer of the defendants and adjudged the declaration insufficient, the plaintiff excepted.

*Chas. N. Davenport*, for the plaintiff.

*H. E. Stoughton*, for the defendants.

The opinion of the court was delivered by

STEELE, J.   Only one cause of action is averred, and that is fully and sufficiently set forth in tort.   It is not so set forth as to make a good declaration in contract.   If the deed imposes upon the defendants an obligation to exercise extraordinary care, the allegations in respect to the deed are material and proper.   If the deed has no operation upon the rule of care, then the allegations in respect to it are surplusage.   It is not unusual to insert in a declaration averments which affect only the rule of care and negligence which should govern the case.   Thus, declarations alleging the defendants to be common carriers and at the same time averring gross negligence on their part in the transportation of the goods, are usual and well approved.   In such cases a failure to prove the allegation of negligence is no variance, and the plaintiff may recover without such proof, provided the evidence shows a case under the general rule respecting the liability of carriers. On the other hand, if the plaintiff does prove the allegation of negligence, he may recover, even though there are circumstances limiting the responsibility of the carrier below the common law rule.   So, in this case, if the deed affects the rule of care, the declaration is aptly framed to give the plaintiff the benefit of it. So far as the sufficiency of the declaration is concerned, it is unnecessary to decide whether the deed has any effect upon the rule of care or not, because if it does, the averments in respect to it are material, and if it does not they are immaterial, and to be rejected as surplusage, and in either view the declaration would be sufficient.

Judgment reversed and cause remanded.