## Bair, Appellant, *v.* Adams Express Co.

*Carriers—Common carriers—Live stock—Bill of lading—Limitation of liability—Negligence—Presumption.*

Where horses are shipped under a special bill of lading in which the carrier is relieved from liability from loss, unless such loss shall have been caused by the negligence of the carrier or its agents, and the horses are killed as the result of a fire catching in the hay and straw in the car in which the horses were shipped, no presumption of negligence arises against the carrier from the mere fact of the occurrence of the fire, but the shipper is bound affirmatively to prove negligence on the part of the carrier; and he does not do so by mere proof that the car in question was placed next to the engine without showing that there was more danger there than elsewhere on the train, and that sparks of medium size were found in and around the car.

Argued Nov. 14, 1916. Appeal, No. 134, Oct. T., 1916, by plaintiff, from judgment of C. P. Lancaster Co., Feb. T., 1915, No. 29, on verdict for defendant in case of John D. Bair v. Adams Express Co. Before ORLADY, P. J.,

PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ.   Affirmed.

Assumpsit to recover the value of certain horses
shipped under a live stock contract.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.

On a rule for a new trial HASSLER, J., filed the follow-
ing opinion:

The plaintiff, through an agent, on August 3, 1914,
entered into a written contract with the defendant com-
pany, wherein it agreed to transport and deliver a car-
load of horses for him from Indianapolis, Ind., to East
Earl, Pa.  The contract, through a mistake, is dated July
31, 1914.  Section six contains this provision: "The
shipper hereby releases and discharges the express com-
pany from all liability for delay, injuries to, or loss of
said animals from any cause whatever, unless such de-
lay, injury or loss shall be caused by the negligence of the
agents or employees of the Express Company."  Section
nine provides that the responsibility of the defendant
shall be that of a forwarder and not that of a common
carrier.  The testimony shows that it is engaged in the
business of a common carrier, and as such it cannot re-
lieve itself even by contract, from its liability for loss
through negligence.  This section is, therefore, without
effect: Blackiston v. Davies, 42 Pa. Superior Ct. 390.

The plaintiff, on August 3, 1914, delivered a carload of
horses to the defendant for shipment to him at East
Earl, Pa.  They were loaded on a car which contained a
double door at each end.  The inside door, which was the
only one closed at the time of the accident, contained
slanting slats, which permitted air to circulate in the car,
and at the same time prevented anything else from get-
ting in.  These slats were in good condition, at the time
the fire occurred, but they were then broken in order to
gain entrance to the car to put out the fire.  This car was
placed in the train next to the engine, and left Indi-

anapolis at two o'clock a. m. on August 4. At Trinway, Ohio, two mail clerks in the car immediately back of it discovered smoke, and notified one of the train crew, who at once had the train stopped. An examination showed that there was a smouldering fire in the bedding of the front end of the car containing the horses, which was extinguished by means of a fire extinguisher, and water. The bedding consisted of straw, wet with manure and dampness, at the time of the fire, according to the testimony of the agent of the defendant company who was traveling with and in charge of it. There were some sparks in and around the edge of the car which were of medium size, but it does not appear what is meant by medium size. All the witnesses say there was no flame in the car. When the horses reached East Earl it was discovered that they were injured and damaged by a fire. The plaintiff alleged that this was due to the negligence of the defendant company, and commenced this action to recover damages for the injury thus sustained. At the trial, we gave binding instructions to the jury to find a verdict for the defendant and are now asked to grant a new trial.

Under the common law a common carrier is an insurer of the property he undertakes to carry. This liability, however, may be limited or modified by contract, with the exception that being against public policy a common carrier cannot relieve itself from the result of its own negligence. In all cases where the liability of a common carrier is changed by contract, the burden of proving that the injury was caused by its negligence is on the plaintiff: Farnham v. Camden & Amboy Railroad, 55 Pa. 53; Crary v. Lehigh Valley R. R., 203 Pa. 525.

The liability of the defendant in this case, being a common carrier, is that of an insurer of the horses which it undertook to carry for the defendant, unless it is changed by the contract. The contract does change it, as the plaintiff agreed that the defendant should only be liable for injury caused by the negligence of the defendant com-

pany, or its agent.  The burden was, therefore, upon the plaintiff to show that the injury complained of was the result of such negligence.  This we think he failed to do.

Ridge v. Erie Railroad, 54 Pa. Superior Ct. 602, is an action to recover damages, for injury to a horse in the care of defendant company, caused by fire.  The contract was that the defendant should not be liable for any injuries to the horses occasioned by fire, "burning of hay or straw or other material used in feeding and bedding, or fire from any cause whatever."  The facts, as shown in the report of the case in 60 Pitts, Legal Journal, 505, are, that the car was left standing on a siding with "open door for ventilation, combustible and inflammable straw and locomotive sparks, at the risk of them and hot cinders from passing engines."  The quotations are from the opinion of the court below.  Such spark or cinder did set fire to the straw and severely injured the horse.  The court below held that the occurrence of the fire in the car gave rise to a presumption of negligence, casting upon the defendant company the burden of showing that the fire resulted without fault or negligence on its part.  In reversing this, Judge PORTER, delivering the opinion of the court, says, "The bill of lading in the present case relieved the carrier from liability for loss by fire.  The question presented is, therefore, whether in addition to the proof of a loss by fire, when the car was standing in the freight yard at Meadville, unattended by circumstances indicating negligence, the defendant was bound to prove such care and diligence at and before the time of the fire, as will preclude a presumption of negligence; or in other words, whether it must negative negligence by affirmative evidence of diligence.  This point is ruled by the cases of Farnham v. Camden & Amboy Railroad Co., 55 Pa. 53, and Colton v. Cleveland & Pittsburgh Co., 67 Pa. 211.  "The principle of these cases is, that the burden of proof of the loss which brings the carrier within the restriction in his contract lies on him; but when he has proved such loss, unattended by circumstances indicat-

ing negligence, the onus of the proof of negligence is cast upon the plaintiff. The effect is, that the carrier must begin the proof, and if he cannot make it without showing negligence, or circumstances from which it will be inferred, he is not exonerated. But when he has shown a loss within the restriction, to require more of him is to limit the restriction and destroy its chief purpose. It is the great risk of fire, not compensated by the ordinary compensation for carriage, and the difficulty of preventing it even with great care, as well as the impossibility oftentimes of proving the attending circumstances, which constitute the great reason for the limitation of liability from this cause: Patterson v. Clyde, 67 Pa. 500. These cases establish that negligence is not to be presumed from the mere occurrence of a fire, when the shipment is under a contract such as that with which we are now dealing. Liability of a common carrier being, by such an agreement, confined to its negligence, there is no reason why the ordinary rule, that negligence is not to be presumed, but must be proved, should not apply: Buck v. Pennsylvania R. R. Co., 150 Pa. 170; Scott & Co. v. Allegheny Val. Ry. Co., 172 Pa. 646; Crary v. Lehigh R. R. Co., 203 Pa. 525; Needy v. Western Maryland R. R. Co., 22 Pa. Superior Ct. 489; Trexler v. B. & O. R. R. Co. (No. 2), 28 Pa. Superior Ct. 207."

The facts in the case at bar are practically the same as those in the above case. The plaintiff proved the injury to the horses by fire when they were in the custody and control of the defendant company. The defendant called a number of witnesses to show how the accident occurred. None of the testimony showed, or tended to show, that the fire was the result of the negligence of the defendant, or the railroad company, which was its agent. The jury could not be permitted to find that placing the car next to the engine was negligence, as the plaintiff contends, in the absence of proof that there was more danger there than elsewhere on the train and that doing so was a want of care under the circumstances. The car was not bedded

106, (1917).]   Opinion of Court below—Arguments.

with combustible or inflammable substance, as argued but with wet and damp straw. The testimony of the several witnesses who saw the fire shows that it was a smouldering fire and not a flame, as would have been the case if it had been bedded with material of that kind. It was, therefore, in no more danger near the engine than elsewhere on the train. Nor is the fact that sparks of medium size were found in and around the car, one that would justify a jury in finding the defendant, or its agent, guilty of negligence. The testimony shows that the car was in good condition. It is not negligence for the railroad company to emit sparks from its engines, as it is necessary for it to do so to operate them. It is only negligence for the railroad company to emit sparks from its engine of an unusual size, for the reason that when this is done, it is presumed to be either because of the absence of a spark arrester or the use of one that is defective: Campbell v. Baltimore & Ohio R. R., 58 Pa. Superior Ct. 241. Or, because it improperly attempts to force its engine too hard: Wagener v. Philadelphia & Reading R. R., 235 Pa. 559. But in this case there was no evidence that the sparks were large or were of an unusual size, the testimony being that they were of medium size. There is nothing therefore to show any negligence on the part of the railroad company, and we are of the opinion that no error was committed in giving binding instructions to the jury to find a verdict for the defendant. We, therefore, discharge the rule for a new trial.

*Error assigned* was in giving binding instructions for defendant.

*Chas. E. Eaby,* for appellant.—The case should have been submitted to the jury: United State Horse Shoe Co. v. American Express Co., 250 Pa. 529; Trexler v. B. & O. R. R. Co., 28 Superior Ct. 203; Cahill v. Philadelphia R. Transit Co., 52 Pa. Superior Ct. 345; Blackburn v. Adams Express Co., 43 Pa. Superior Ct. 276;

Murray v. Philadelphia & Reading Ry. Co., 249 Pa. 133; Powell v. Penna. R. R. Co., 32 Pa. 414; Trace v. Penna. R. R. Co., 26 Pa. Superior Ct. 466.

*John Lewis Evans,* with him *John A. Nauman* and *Thomas Dewitt Cuyler,* for appellee.—Under the contract the burden was on plaintiff to prove that the injuries were caused by negligence on the part of defendant or its agents: Farnham v. Camden & Amboy R. R. Co., 55 Pa. 53; Crary v. L. V. R. R. Co., 203 Pa. 525; Goldey v. P. R. R. Co., 30 Pa. 242; American Express Co. v. Sands, 55 Pa. 140; Penna. R. R. Co. v. Raiordon, 119 Pa. 577; Buck v. P. R. R. Co., 150 Pa. 170; Allam v. Penna. R. R. Co., 183 Pa. 174; Davenport v. P. R. R. Co., 10 Pa. Superior Ct. 47; Penn Clothing Co. v. U. S. Express Co., 48 Pa. Superior Co. 520; Hall v. P. R. R. Co., 60 Pa. Superior Ct. 235; Ridge v. Erie R. R. Co., 54 Pa. Superior Ct. 602.

PER CURIAM, March 13, 1917:

The opinion of Judge HASSLER in discharging the rule for a new trial, fully answers the questions raised by appellant. Whatever of conflict there may be between Trace v. R. R. Co., 26 Pa. Superior Ct. 466, and Ridge v. Erie R. R., 54 Pa. Superior Ct. 602, must be held to be settled by the latter case in favor of the conclusions therein reached.

The judgment is affirmed.