## AMERICAN RAILWAY EXPRESS CO. v. EWING THOMAS CONVERTING CO.

(Circuit Court of Appeals, Third Circuit. August 20, 1923. Rehearing Denied October 4, 1923.)

No. 2928.

1. **Carriers ⊗⇒98—Liable for failure to deliver goods within reasonable time.**

   Common carrier is liable in damages for failure to deliver within reasonable time property which it undertakes to carry from one place to another.

2. **Carriers ⊗⇒149½—Liability may be modified by contract exempting carrier from liability for loss from specified cause.**

   Common carrier's liability for failure to deliver property within reasonable time may be modified by contract exempting it from liability for loss from specified cause.

3. **Carriers ⊗⇒99—Not liable for loss due to shipper's misdirection of goods.**

   When delay results solely from shipper's misdirection, the loss falls on the shipper whose careless conduct caused it.

4. **Carriers ⊗⇒95—Duty of carrier to discover mistake in address, ascertain correct address, and make delivery within reasonable time.**

   Where goods shipped by express were wrongly addressed, it was express company's duty to discover mistake, make inquiry, ascertain consignee's correct address, and make delivery within reasonable time thereafter.

5. **Carriers ⊗⇒98—Relieved from liability as insurer only when free from fault.**

   A carrier is relieved from liability as an insurer only when it is free from fault.

6. **Carriers ⊗⇒99—Liable notwithstanding shipper's mistake, when guilty of negligence without which loss would not have occurred.**

   If carrier is guilty of some negligent act or omission without which loss would not have occurred, notwithstanding shipper's fault in misdirecting goods, it is liable.

7. **Carriers ⊗⇒104—Burden on plaintiff to show carrier's negligence, when goods shown to have been improperly addressed.**

   In action against express company for delay in delivery of goods, where it was shown that improper addressing resulted in their being sent to the wrong city, the burden was on plaintiff to prove negligence on part of carrier, or some circumstances from which it might be inferred.

8. **Carriers ⊗⇒106—Whether express company negligent in not discovering error in address, and making delivery sooner, held for the jury.**

   Though part of goods delivered to express company were wrongly addressed to Philadelphia, instead of Chester, Pa., where shipping receipt of which carrier had copy contained correct address, but goods were not

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

delivered until about six months after they should have been delivered, if properly addressed, it was a question for the jury whether carrier was negligent in discovering proper address and making delivery.

**9. Pleading &⟹398—Plaintiff may not plead one ground of action and prove another, where defendant surprised.**

Plaintiff may not declare on one ground of action and prove and recover on another, where it would take defendant by surprise and leave him unprepared to defend his case.

**10. Appeal and error &⟹1039(13)—Defendant held not injured by recovery as for delay in delivery, in action for nondelivery.**

In action against express company for nondelivery of goods, which were delivered after suit was brought, where credit for market price at time of delivery was allowed and carrier was not surprised, it was not injured by recovery as for delay in delivery.

**11. Carriers &⟹105(1)—Measure of damages for delay is difference in market value.**

As general rule, measure of damages for delay in delivery by carrier is difference between market value at time and place when delivery should have been made and market value when delivery was actually made.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by the Ewing Thomas Converting Company against the American Railway Express Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. A. Schnader, of Philadelphia, Pa., for plaintiff in error.

Geary & Rankin and J. L. Rankin, all of Chester, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. On September 26, 1919, defendant in error entered into a contract through a broker with the Morrowebb Cotton Mills Company for the purchase of 25,000 pounds of mercerized yarn at $2 per pound, to be shipped from Dallas, N. C., to Chester, Pa., at the rate of 2,000 pounds weekly, beginning January, 1920. Pursuant to the contract the Morrowebb Company delivered at Dallas, N. C., on March 3, 1920, to the American Railway Express Company, 16 rolls of the yarn, containing 1,489.6 pounds, to be shipped to the plaintiff at Chester, Pa. Eight days later, March 11, 1920, 2 of the 16 rolls were delivered to the consignee at Chester. The express company was notified that the other 14 rolls had not been delivered. It appears that the 14 rolls were addressed on the package to the plaintiff at Philadelphia, instead of Chester, Pa., though the address was correctly stated on the shipping receipt, given by the Express Company to the shipper; but the plaintiff did not have an office or place of business in Philadelphia, and so the defendant was unable to deliver the 14 rolls there.

The plaintiff contended at the trial that one month after the delivery of the two rolls on March 11, 1920, was sufficient time within which to discover the mistake in the address and deliver the 14 rolls to the plaintiff in Chester, and that the measure of damages was the difference between the price of the yarn on April 11, 1920, when it should have been delivered, and on September 21, 1920, when it was delivered.

There was evidence sufficient to establish that the market price of the cotton on or about April 11, 1920, was $3.20 per pound, and on September 21, 1920, $1.15 per pound. The trial judge instructed the jury that the measure of damages was the difference between the price of the yarn at the time it should have been delivered and the price on September 21, 1920, when it was delivered, but left it to the jury to determine, under all the evidence, when the mistake should have been discovered and the yarn delivered. The jury rendered a verdict for the plaintiff in the sum of $2,743.26, and the case is here on writ of error.

[1, 2] A common carrier is liable in damages for failure to deliver within a reasonable time property which it undertakes to carry from one place to another. This liability, however, may be modified by contract exempting the carrier from liability for loss from a specified cause. Bair v. Adams Express Co., 66 Pa. Super. Ct. 106; National Line Steamship Co. v. Smart, 107 Pa. 492. The receipt given by the defendant to the shipper provided that:

"(4) Unless caused in whole or in part by its own negligence or that of its agents, the company shall not be liable for loss, damage or delay caused by: (a) The act or default of the shipper or owner; (b) the nature of the property. or defect or inherent vice therein; (c) improper or insufficient packing, securing, or addressing."

[3] There is no doubt about the rule of law, independent of statute, that where a shipper misdirects goods and a loss results solely from such misdirection, the loss falls upon the shipper whose careless conduct caused it. Congar v. Chicago & Northwestern Railway Co., 24 Wis. 157, 1 Am. Rep. 164; Treleven v. Northern Pacific Railroad Co., 89 Wis. 598, 62 N. W. 536; Lake Shore & Michigan Southern Railway Co. v. Hodapp, 83 Pa. 22.

We think that the defendant has borne the burden of establishing that the delay in delivering the 14 rolls of yarn was primarily due to "improper addressing." Therefore the defendant, on the authority of Bair v. Adams Express Co. and National Line Steamship Co. v. Smart, supra, contends that it is free from liability for loss due to delay in making delivery. This contention is sound, if the misdirection in shipping was the fault of the shipper.

[4] But a further question arises: If the "improper addressing" was the fault of the shipper, were the discovery and the delivery to the consignee at the proper address made within a reasonable time thereafter? To make these within a reasonable time was the duty of the defendant, even though the cause of the delay in the first place was "improper addressing" of the shipper. Finding it impossible to make delivery of the yarn in Philadelphia, and having delivered 2 rolls of the same shipment to the consignee at Chester, it must have been obvious that an error had been made in directing the yarn to Philadelphia, and under such circumstances both duty and reasonable prudence dictated that the defendant make inquiry of the consignor for the consignee's correct address. If the defendant had done this, and had not discovered the consignee's address, it would have discharged its duty, and the loss for delay in delivery could not have been visited on it. Fineburg v. American Express Co., 71 Pa. Super Ct. 407; Weaver v.

Southern Railway Co., 135 Mo. App. 215, 115 S. W. 500; Guillaume v. Transportation Co., 100 N. Y. 491, 3 N. E. 489.

[5-7] A carrier is relieved as an insurer only when it is free from fault. The provision in the shipping receipt is merely the statement of the general rule of law. Maghee v. Camden & Amboy R. R. Co., 45 N. Y. 514, 6 Am. Rep. 124. The proper address would have been disclosed by a communication from the defendant to the consignor, informing it that the 14 rolls were in Philadelphia and could not be delivered to the consignee there, but there is no evidence that any inquiry was made. If the carrier itself is guilty of some negligent act or omission, without which, notwithstanding the fault of the shipper, the loss would not have occurred, it is liable. McCarthy & Baldwin v. Louisville & Nashville Railway Co., 102 Ala. 193, 14 South, 370, 48 Am. St. Rep. 29; Weaver v. Southern Railway Co., supra. When the defendant proved by cross-examination that it was the "improper addressing" which resulted in bringing the 14 rolls of yarn to Philadelphia, the burden of proving negligence on the part of the defendant, or such circumstances from which it might be inferred, was on the plaintiff. National Line Steamship Co. v. Smart, supra; Bair v. Adams Express Co., supra; Ridge v. Erie Railroad Co., 54 Pa. Super. Ct. 602.

[8] Did it bear this burden? The jury had before it the facts that a reasonable time within which to deliver yarn from Dallas, N. C., to Chester, Pa., was eight days—the 2 rolls being shipped on March 3, and delivered on March 11, 1920. Suit was started against the defendant on September 1, 1920, at which time defendant apparently did not know the address of the plaintiff, but somehow the 14 rolls were delivered within 20 days thereafter. Defendant had a copy of its own shipping receipt, which contained the correct address of the consignee, and it is charged with the knowledge of its contents. These were facts from which the jury might infer negligence on the part of the defendant in discovering the proper address and making delivery. The trial judge charged the jury that "it is for you to determine a reasonable time" within which the defendant should have discovered the error and made delivery. We think that the instruction was proper, and the verdict of the jury settles the question of negligence.

[9-11] Was there such variance between the allegata and probata as to justify a reversal on this ground? A plaintiff may not, even in these days of simplified pleading, declare on one ground of action and prove and recover on another, thus taking the defendant by surprise and leaving him unprepared to defend his case. The plaintiff claimed the right to damages for nondelivery of the 14 rolls of yarn within a reasonable time after shipment. This right was denied by defendant. Between the filing of complaint and the trial the 14 rolls were delivered, but the price had fallen from $3.20 per pound in March, when it is contended they should have been delivered, to $1.15 on September 21, 1920, when they were delivered. The defendant in our opinion was not surprised. Credit was allowed for the value of the yarn when delivered, and the defendant was not injured. The general rule of law is that the damage for delay in delivering a shipment is the difference between the market value of the goods at the time and place at which delivery should have been made and the market value when de-

livery was actually made. Harper Furniture Co. v. Southern Express Co., 148 N. C. 87, 62 S. E. 145, 30 L. R. A. (N. S.) 483, 128 Am. St. Rep. 588; Ruppel v. Allegheny Valley Railway Co., 167 Va. 166, 31 Atl. 478, 46 Am. St. Rep. 666. There is nothing in the facts of this case to take it out of this general rule.

The judgment of the District Court is affirmed.