SARKIS SALIBA *v.* NEW YORK CENTRAL RAILROAD CO.

January Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed February 8, 1928.

58

*H. C. Shurtleff* for the defendant.

*Deane C. Davis* and *John W. Gordon* for the plaintiff.

MOULTON, J. The declaration alleges that the defendant, on the date in question, was a common carrier of goods for hire, and that the plaintiff delivered to it a carload of bananas to be safely, expeditiously, and securely freighted, carried, and conveyed, as a perishable commodity, from New York City to the city of Barre for a certain reasonable reward to be paid by the plaintiff; yet the defendant, not regarding its duty as a common carrier, but contriving and intending to injure the plaintiff, did not and would not safely, expeditiously, and securely freight, carry, and convey the bananas from New York to Barre and there safely, securely, and with reasonable despatch deliver the same to the plaintiff, but, on the contrary, so carelessly and negligently behaved and conducted in the premises that, by reason of its negligence and carelessness and delay in transit, a large portion of the bananas became spoiled and unmerchantable.

The defendant demurred to the declaration. After hearing, the demurrer was overruled by the trial court, and the case is here on the defendant's exceptions.

It is argued that this declaration fails to allege facts which show the existence of a duty owing from the defendant to the plaintiff, the shortage of that duty, and the resulting injury, and the facts constituting the claimed negligence, and how the same caused the injury.

██ But the answer to this is that the declaration alleges that the defendant was a common carrier, and, this being so, the duties and obligations imposed upon it by common law follow as a matter of course. *Wright* v. *McKee*, 37 Vt. 161, 164; *Kimball* v. *Rutland & Burlington R. R. Co.*, 26 Vt. 247, 255, 62 A. D. 567. Among these duties is that of safe transportation of goods delivered to it for carriage and the delivery of such goods at the destination within a reasonable time. *Chicago and A. R. Co.* v. *Kirby*, 225 U. S. 155, 56 L. ed. 1033, 1037, 32 Sup. Ct. 648, Ann. Cas. 1914A, 501.

█ █ One is required to allege in his declaration only what is necessary to prove in making out a *prima facie* case. *Prima facie,* the defendant, by accepting the merchandise for transportation, incurred the responsibilities put upon it by the common law, or that law as·modified by statute. *Haglin-Stahr Co.* v. *M. and W. R. R.,* 92 Vt. 258, 261, 102 Atl. 940, 23 A. L. R. 748. It is not claimed here that there are any statutory modifications of the common law in this regard.

█ It is true that the declaration alleges negligence on the part of the defendant. But, while the term "negligence" is often used in this connection (see. *Kimball* v. *Rutland & Burlington R. R. Co.,* 26 Vt. 247, 254, 62 A. D. 567), the "prudent man" rule as commonly understood has no application. It is sufficient to allege the delivery of the goods to the carrier, the delay in arrival, and the consequent injury. *Haglin-Stahr Co.* v. *M. and W. R. R., supra.* Since the causes of the delay are particularly within the knowledge of the carrier, it is for it to excuse or explain such delay and bring itself within an exception to its liability, if such exists. *Mann* v. *Birchard,* 40 Vt. 326, 328, 94 A. D. 398; *Parker* v. *B. and M. R. R.,* 84 Vt. 329, 337, 79 Atl. 865; *Haglin-Stahr Co.* v. *M. and W. R. R., supra,* at page 262 (102 Atl. 940). Even though negligence is alleged in such an action against a carrier and fails of proof, there is no variance, and the plaintiff may recover, if the evidence shows a case under the general rule respecting the liability of carriers. *Sargent* v. *Birchard & Page,* 43 Vt. 570, 573.

█ The defendant says that the declaration should set forth the terms of the bill of lading under which the shipment proceeded, and the legal duty to be deduced therefrom. But, if any special contract therein contained limits the defendant's common law liability in any respect material here, it is for the defendant to bring itself within its operation. *Haglin-Stahr Co.* v. *M. and W. R. R., supra.*

█ It is also argued that the declaration does not allege in what manner the bananas were injured. This point was not made a ground of the demurrer, and we do not consider it.

There was no error in the ruling below.

*Judgment affirmed, and cause remanded.*