Williams, J.
 

 The question presented here is: What constitutes a
 
 prima facie
 
 case on behalf of a plaintiff in an action against a terminal carrier for damages to a shipment of livestock unaccompanied by the owner
 
 *562
 
 or M's caretaker? If upon consideration of the evidence favorable- to plaintiff a
 
 prima facie
 
 case was made out, the motion of defendant for a directed verdict should have been overruled.
 

 At common law a common carrier was an insurer of freight against all losses except those arising from an act of God, a public enemy, the inherent nature of the goods shipped, the conduct of the shipper, or certain other causes in some jurisdictions. 6 Ohio Jurisprudence, 820, Section
 
 197.
 
 Accordingly, in the case of a shipment of livestock a common carrier i-s not an insurer but is liable only in case of negligence; the exception is due to the inherent nature of the shipment, or as it is sometimes said to the peculiar nature and propensities of the animals. If the livestock shipped is in charge of the owner or his' caretaker, the owner must allege and prove negligence of the carrier as an essential element of his right to recover for injury and damage to the shipment; the reason is the owner has full cogmzanc.e of the surrounding facts. On the other hand, if the livestock is unaccompanied by the owner or his caretaker, proof of negligence in the first instance is not essential. Authorities are collected in 13 Corpus Juris Secundum, 555
 
 et seq.
 
 That is to say the rule as to a
 
 prima facie
 
 case is the same whether the gist of the action is negligence in the carriage of livestock unaccompanied by the owner or his caretaker or the mere breach of duty to carry safely as in case of inanimate freight under ordinary conditions. See annotations in 53 A. L. R., 1019, and 106 A. L. R., 1166. In either event a
 
 prima facie
 
 case is made out by proof that the goods or livestock was received by the carrier in good condition and delivered by the carrier at the destination in bad condition. The underlying reason is that the facts as to the injury or damage are peculiarly within the knowledge of the carrier. Of course the parties may fix their rights and obligations by special contract subject to the
 
 *563
 
 established principle that the common carrier may not exempt itself from liability for negligence.
 
 Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co.
 
 v.
 
 Sheppard,
 
 56 Ohio St., 68, 46 N. E., 61, 60 Am. St. Rep., 732. The federal rule as to an interstate livestock carrier is the same.
 
 Boston & Maine Rd.
 
 v.
 
 Piper,
 
 246 U. S., 439, 62 L. Ed., 820, 38 S. Ct., 354. In the'instant case the bill of lading, which is a uniform livestock contract, contains the following conditions: “Unless caused by the negligence of the carrier or its employees, no carrier shall be liable for or on account of any injury or death sustained by said livestock occasioned by any of the following causes: Overloading, crowding one upon another, escaping from cars, pens, or vessels, kicking or goring or otherwise injuring themselves or each other, suffocation, fright, or fire caused by the shipper or shipper’s agent, heat or cold, changes in weather or delay caused by stress of weather or damage to or obstruction of track or other causes beyond the carrier’s control.”
 

 It thus appears that the contract, in making the defendant liable for injury or death of the cattle caused by its negligence, does not change the liability imposed upon carriers of livestock at common law.
 

 Here, however, we are concerned with interstate commerce and a terminal carrier.
 

 The rights and liabilities of parties to an interstate carriage of goods by common carriers under a through bill of lading are governed by federal statutes and. decisions and should be determined in state courts according to the pronouncements of federal tribunals.
 
 Toledo & Ohio Central Ry. Co.
 
 v.
 
 S. J. Kibler & Brothers Co.,
 
 97 Ohio St., 262, 119 N. E., 733, 248 U. S., 569, 63 L. Ed., 425.
 

 An examination of the federal authorities will disclose that the Carmack Amendment to the Interstate Commerce Act (June 29, 1906, chap. 3591, 34 Stats, at L., 584, 595) does not change the common-law rule
 
 *564
 
 with respect to a situation such as involved in the case at bar.
 
 Chicago & Northwestern Ry. Co.
 
 v.
 
 Whitnack Produce Co.,
 
 258 U. S., 369, 66 L. Ed., 665, 42 S. Ct., 328. Nor is it contended that there is any subsequent federal statute or amendment controlling here.
 

 Heretofore, we have discussed the common-law liability of a carrier for transportation of freight over its own line. The liability of the terminal carrier for damages to livestock shipped and transported in interstate commerce over the lines of connecting carriers is not essentially different.
 
 Toledo & Ohio Central Ry. Co.
 
 v.
 
 S. J. Killer & Brothers, supra.
 
 See also 13 Corpus Juris Secundum, 49
 
 et seq.
 

 The foregoing rules or principles substantially follow leading authorities in the language used.
 

 The governing principle applicable in the instant case may be stated thus: The plaintiff makes out a
 
 prima facie
 
 case against the terminal carrier when he adduces evidence to show that neither he nor his caretaker accompanied the shipment of his livestock and that the stock was received for shipment by the initial carrier in good condition and delivered at the destination by the terminal carrier in an injured or damaged condition.
 

 The defendant also contends that the petition sets forth specific allegations of negligence on its part and therefore plaintiff cannot avail himself of the presumption that otherwise would arise. It has been held that such allegations are surplusage in a cause of action of the nature involved in the case at bar.
 
 Bateham
 
 v.
 
 Chicago, M. & St. P. Ry. Co.,
 
 195 Iowa, 659, 192 N. W., 818;
 
 Saliba
 
 v.
 
 New York Central Rd. Co.,
 
 101 Vt., 56, 140 A., 491;
 
 Cincinnati, N. O. & T. P. Ry. Co.
 
 v.
 
 Veatch,
 
 162 Ky., 136, 172 S. W., 89.
 

 The question appears to be an open one in this jurisdiction; but it will not be necessary to decide it unless the allegations of the petition as to negligence are so .specific as to raise the question.
 

 
 *565
 
 The petition alleges “that the defendant accepted from its connecting carrier the carload of livestock loaded in car Wabash No. 15101, and defendant did not safely convey and deliver the livestock as the Wabash Railway Company for the defendant had undertaken to do, but contrary conducted itself in and about transporting the same that at some point of defendant’s railway or the connecting carrier on the line of defendant’s railroad between Kansas City, Missouri, and Waldo, Ohio, not known to plaintiff, the car containing the livestock was thrown, jammed, and handled in an exceedingly rough manner, and defendant failed to carry out and perform its said agreement in its behalf,’ and did so negligently and carelessly transport said plaintiff’s livestock and property and so negligently managed its trains that defendant failed to deliver said livestock and property in said Wabash car No. 15101, in a fair condition and in condition as said property was received by defendant’s connecting carrier. That when the livestock arrived at Waldo, three head of cattle were dead and two other head of cattle were so badly injured that as a result of the rough and negligent manner in which said cattle were handled they died, and the other fifty-two head of cattle in the car were sick from transportation and in very poor condition.
 

 “Plaintiff says that the five head of cattle that died as the result of the rough and negligent transportation were of the value of $145.02, and the remainder of the shipment was badly injured and damaged in the sum of $200. Plaintiff says that he has sustained a los¡5 and damage and as the result of the gross negligence of the defendant in the sum of $345.02 with interest at six (6%) per cent from October 20, 1936.”
 

 Without determining whether the rule, requiring proof of negligence specifically pleaded, prevails in this jurisdiction, we need only say that, were such rule followed, the allegations of negligence in the petition
 
 *566
 
 herein are not of such a specific nature as' to make the general rule as to a
 
 prima facie
 
 case inapplicable and cast on the plaintiff the burden of proving defendant’s negligence and the injury and damage to the livestock proximately resulting therefrom.
 

 Since evidence was adduced to make out a
 
 prima facie
 
 case against the defendant, the trial court erred to the prejudice of the plaintiff in directing a verdict for the defendant. Therefore the judgments of the courts below will be reversed and the cause remanded to the Common Pleas Court for a new trial.
 

 Judgment reversed and cause remanded.
 

 Weygandt, C. J., Day, Zimmerman, Matthias and Hart, JJ., concur.
 

 Myers, J., not participating.