BLOUNT SEAFOOD CORPORATION *vs.* ARROW TRANSPORTATION CO., INC.

AUGUST 16, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

464

Roberts, J. This is an action of assumpsit for breach by a common carrier of a contract for the carriage of fresh frozen shucked oysters from the plaintiff's plant in the town of Warren in this state to Jersey City in the state of New Jersey. The case was heard by a justice of the superior court sitting without a jury, and at the conclusion of the trial he held that the plaintiff was not entitled to recover and gave decision for the defendant carrier. The case is here on the plaintiff's exception to such decision.

It appears from the uncontradicted evidence that on Oc-

tober 30, 1950 the defendant carrier transported 105 cases of frozen shucked oysters from said town of Warren to Jersey City, which oysters were consigned to the Army Quartermaster Corps at the Union Terminal Cold Storage plant in that city. Two inspecting officers of the consignee made an inspection of the oysters on arrival and rejected them on the ground that they had become defrosted in transit. There was uncontradicted evidence that at that time the oysters were fit for human consumption, but the evidence was conflicting on the question of whether they had defrosted during transit and the extent thereof, if at all.

It further appears from the undisputed evidence that just prior to the shipment of the oysters at least two telephone conversations were held between representatives of the parties concerning the ability of the defendant carrier to transport the oysters and as to other details concerning such carriage. Following these conversations an agent of the plaintiff shipper prepared a bill of lading which bears on its face the date October 30, 1950 and a description of the merchandise as 105 cases of "Frozen Shucked Oysters 8/6 lb cans to case." The designation of the shipper and the consignee are also noted thereon. The bill of lading does not make specific reference to any particular care to be given the shipment. Pursuant thereto the merchandise was picked up by defendant carrier.

There is uncontradicted evidence that the tariff for "frozen shucked oysters" is ninety cents per 100 pounds and that the carrier is obligated to maintain for such oysters a temperature of less than 32 degrees Fahrenheit in the truck. There was further uncontradicted testimony that if the bill of lading had read "fresh frozen shucked oysters," the tariff would have been $1.32 per 100 pounds and that the carrier would have been obliged to maintain a temperature in the truck of 15 degrees Fahrenheit or under.

The plaintiff contends that the bill of lading here does not contain the entire contract of the parties; that evidence

adduced as to the conversations prior to the preparation of the bill of lading proves defendant carrier had been informed that the oysters to be shipped were "fresh frozen shucked oysters"; and that therefore they would have to be protected against defrosting during transit by carriage at zero degrees Fahrenheit. The plaintiff's basic contention is that the conversations between the parties prior to the preparation of the bill of lading established an oral agreement completely independent of the contract set out in the bill of lading.

We cannot agree with this contention, since in our opinion the plaintiff here is attempting to vary by parol the terms of the contract set out in the bill of lading. It is well established that in its contractual aspect a bill of lading may not be varied in its terms or conditions by parol. The bill of lading is to be taken as the only evidence of the final agreement of the parties by which their duties and liabilities are to be regulated and in which all prior agreements are merged, and parol evidence is inadmissible to vary its terms or legal import. *Porter* v. *Ocean Steamship Co. of Savannah,* 223 Mass. 224; *Loomis* v. *New York Central & Hudson River R.R.,* 203 N. Y. 359. We are therefore of the opinion that the trial justice did not misconceive the law in finding that the contract of the parties was that set forth in the bill of lading.

Since the bill of lading was silent as to any particular care to be used in protecting the oysters against spoilage or defrosting during transit, the carrier was obliged to comply with the provisions of the tariff. This tariff category had been selected by plaintiff. It required that the shipment be made at a temperature of less than 32 degrees Fahrenheit, and the carrier had the common-law duty to use reasonable care for the protection of the shipment. In such cases the burden is on the carrier to prove that it complied with the terms of the tariff and that it exercised due care to protect the shipment during transit. The trial justice here decided

that the carrier had sustained the burden of proof imposed upon it.

It is well settled that where the parties submit a case on matters of fact as well as law to a justice of the superior court sitting without a jury, his findings of fact on conflicting evidence are entited to great weight and will not be disturbed unless they are clearly wrong. *Vitullo* v. *Ambrosino,* 78 R. I. 354. With this rule in mind we have examined the transcript and the exhibits, and we cannot say that the trial justice either misconceived or overlooked any material evidence or that his decision was clearly wrong.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Kenneth M. Beaver,* for plaintiff.

*Martin M. Zucker,* for defendant.